UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re:

STEVEN ERIC HARE,                                         Chapter 7

                              Debtor.              Case No.: 09-12464
-----------------------------------------------------------------
KENNETH MALEK and
CAROL MALEK,

                            Plaintiffs,           Adv. No.: 09-90108

         v.

STEVEN ERIC HARE,

                            Defendant.
-----------------------------------------------------------------
APPEARANCES:

Rodriguez & Doern, PLLC                                   James E.D. Doern, Esq.
*Attorneys for Defendant*
100 West Avenue
Saratoga Springs, NY 12866

Sandra S. Poland Demars, Esq.
*Attorney for Plaintiffs*
13 Country Lane
East Greenbush, NY 12061

Lawrence J. Schloss, Esq.
*Attorney for Plaintiffs*
50 Croker Boulevard, Suite 100
Mount Clemens, MI 48043

Hon. Robert E. Littlefield, Jr., Chief United States Bankruptcy Judge

**MEMORANDUM-DECISION AND ORDER**

      Currently before the court is a motion to vacate an entry of default and to set aside a

default judgment pursuant to Federal Rule of Civil Procedure 55(c), made applicable to this

proceeding by Federal Rule of Bankruptcy Procedure 7055.  Defendant Steven Eric Hare

1

("Hare") seeks to set aside the Order Granting Default Judgment, entered on November 25, 2009 (No. 8, the "Order"), in favor of plaintiffs Kenneth and Carol Malek (the "Maleks"). Hare also requests leave to file a responsive pleading to the Maleks' complaint. For the reasons set forth below, the court grants Hare's motion.

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(I), 157(b)(2)(O), and 1334(b).

## BACKGROUND

Hare filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on June 30, 2009. Hare's attorney at the time was Elizabeth Fairbanks-Fletcher, Esq. ("Fairbanks-Fletcher"). Hare included the Maleks on Schedule F of his petition as creditors holding an unsecured claim in the amount of $100,000. The claim is listed as contingent, unliquidated, and disputed, and is accompanied by the notation "Notice Only."[1]

The Maleks commenced the above-captioned adversary proceeding seeking a determination that their claim, which they asserted against Hare in the United States District Court for the Eastern District of Michigan, and which was stayed by Hare's bankruptcy case, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[2] The claim is based on allegations in the Maleks' district court complaint that, in 2006, First Guarantee Mortgage LLC ("FGM") made misrepresentations to the Maleks about refinancing their mortgage. In addition to FGM, the Maleks named as defendants in the district court action Christopher Lang ("Lang"), in his

---

[1] Hare lists Carol Malek, but not Kenneth Malek, as "Notice Only" on the schedule.

[2] Unless otherwise noted, all statutory references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

2

individual capacity as FGM's sole owner, president and CEO, and Hare, in his individual capacity as FGM's employee.[3]

The summons in the instant adversary proceeding was issued on October 2, requiring an answer to be filed by November 2, 2009. Following Hare's failure to interpose an answer, the Maleks moved for default judgment on November 6, 2009. The Clerk of Court entered default against Hare on November 24, 2009. The court entered a default judgment the following day.

The circumstances leading to the default are as follows. On October 2, 2009, attorney Fairbanks-Fletcher told Hare she would not represent him in the adversary proceeding without an additional retainer. On or about October 23, 2009, Hare contacted James F. Salmon, Esq. ("Salmon"), who was familiar with the case from his representation of Lang. Attorney Salmon felt that the defenses for Lang would also be applicable to Hare. After receiving consent from Lang, attorney Salmon helped prepare a draft answer for Hare. Prior to the expiration of time to file an answer, Hare forwarded the draft answer to attorney Fairbanks-Fletcher. No answer was filed, however, and no extension of time was requested from the court.

James E.D. Doern, Esq. ("Doern") was substituted as counsel for Hare in place of Fairbanks-Fletcher. On January 20, 2010, Hare, through attorney Doern, moved to vacate the entry of default and to set aside the default judgment.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that "the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "[I]n ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible,

---

[3] Lang is also a debtor in the separately administered Chapter 7 case before this court, case number 09-12420. The Maleks commenced an adversary proceeding against Lang, number 09-90107, which is substantially similar to the one commenced against Hare. Lang timely answered, denying the material allegations in the complaint.

3

disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The court's decision is informed by three factors: "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Hudson Valley Care Ctrs., Inc. v. Green Manor Dialysis Ctr., LLC (In re Hudson Valley Care Ctrs., Inc.)*, Ch. 11 Case No. 05-16436, Adv. No. 08-90155, 2009 WL 3497124, at *1 (Bankr. N.D.N.Y. Oct. 28, 2009) (quoting *In re Pecarsky*, 249 F.3d 167, 171 (2d Cir. 2001)); *In re Coxeter*, Ch. 13 Case No. 05-19146, 2009 WL 4893170, at *4 (Bankr. N.D.N.Y. Dec. 10, 2009) (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996)). The court also considers "relevant equitable factors," including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citing *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)).

*Willfulness*

Hare's default was not willful. The Second Circuit has held that "wilfulness in the context of a judgment by default requires 'something more than mere negligence,' such as 'egregious or deliberate conduct,' although 'the degree of negligence in precipitating a default is a relevant factor to be considered.'" *New York v. Green*, 420 F.3d at 108 (quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996)). Hare's failure to answer the complaint was not deliberate. Hare actively defended the district court action in Michigan. It is unlikely he would be willing to forfeit his rights here. Unable to afford the additional retainer fee requested by his bankruptcy attorney, Hare essentially proceeded pro se.[4] He was admittedly confused

---

[4] Notwithstanding the alleged agreement between Fairbanks-Fletcher and the debtor to the contrary, this court's local rules indicate that a debtor's attorney is to represent a debtor in *all* matters related to the bankruptcy case, unless the court determines otherwise. Bankr. N.D.N.Y. R. 9011-1. The order of substitution, whereby Doern replaced Fairbanks-Fletcher as counsel for Hare in this proceeding, was not entered until after default occurred.

about the interplay between the district court action and this adversary. After contacting attorney Salmon for help, Hare realized the need to file an answer. Hare forwarded a draft answer to attorney Fairbanks-Fletcher, his bankruptcy attorney, under the mistaken belief that she would file it on his behalf. Nothing in the record suggests that Hare deliberately defaulted for an improper motive, such as delay or harassment. *See Am. Alliance Ins. Co.*, 92 F.3d at 61 (citation omitted). Nor was his mistake so egregious as to warrant a finding of willfulness. Therefore, the court concludes that the entry of default and the Order granting default judgment were not the result of willful conduct by Hare.

### *Meritorious Defense*

Hare proferred a meritorious defense. To make a sufficient showing of a meritorious defense, a "defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (internal quotation marks and citations omitted). Hare asserts that he was not the Maleks' loan officer and that he made no representations to the Maleks until after the loan had been written. According to Hare, his first contact with the Maleks occurred when he answered their call to FGM, learned that their loan officer had left FGM, and tried to answer their questions and help them—all after the closings had taken place. In addition, Hare argues that there is no basis to pierce FGM's corporate veil so as to impute liability to Hare. The foregoing facts, if proven at trial, would constitute a complete defense to claims that Hare fraudulently induced the Maleks into refinancing their mortgage. *See, e.g.*, *Union Bank of the Middle East, Ltd. v. Luthra (In re Luthra)*, 182 B.R. 88, 91–92 (E.D.N.Y. 1995) (citation omitted) ("in order to bar discharge from a debt under § 523(a)(2)(A), a creditor must prove that: (1) the debtor made a representation; (2)

5

he knew the representation was false; (3) he intended to deceive the creditor; (4) the creditor relied on the representation; and (5) his reliance was the proximate cause of his damage"); *MAG Portfolio Consultant, GMBH v. Merlin Biomed Grp. LLC*, 268 F.3d 58, 63 (2d Cir. 2001) (listing requirements for piercing corporate veil under New York law).  Therefore, the court concludes that Hare has made a sufficient showing of a meritorious defense.

### *Prejudice*

Setting aside the entry of default and vacating the default judgment will not prejudice the Maleks.  The Maleks point to the fact that nearly two months passed between the entry of default and Order, and Hare's motion to vacate.  "Concededly, some delay will result if [Hare's] motion is granted.  Yet, delay alone is not a sufficient basis for establishing prejudice. . . . Rather, it must be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'"  *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citations omitted).  None of these indicia of prejudice are present here.  Hare answered the district court complaint and raised affirmative defenses.  He traveled to Michigan, has been deposed, and has testified under oath.  The Maleks are concurrently prosecuting an adversary proceeding against Lang, who is not in default for failure to answer.  Because the Lang adversary raises similar issues of law and fact, the parties even discussed the possibility of a joint trial.  Consequently, there is no surprise, no hindrance in trial preparation, and no prejudice.

The court concludes that the above factors point to vacatur in this case, especially in light of the preference for resolving disputes on their merits.  *See In re Coxeter*, 2009 WL 4893170, at *4 (citing *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995)) ("There is a preference in American jurisprudence that matters should be resolved on their merits, and not by procedural fiat.").  Hare's default was the result of a good faith mistake in assuming his former

6

bankruptcy counsel would file the answer on his behalf.  Allowing the default judgment to stand would bring about a harsh result.

## CONCLUSION

Based upon the foregoing, Hare's motion to vacate is granted.  The entry of default is vacated, and Hare is permitted to file a responsive pleading to the Maleks' complaint within 30 days of entry of this Memorandum-Decision and Order.

It is so ORDERED.

Dated: September 15, 2010              /s/ Robert E. Littlefield, Jr.
                                       _____
                                       Hon. Robert E. Littlefield, Jr.
                                       Chief United States Bankruptcy Judge